# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **JULIA MEDINA, individually and on behalf of all others similarly situated,**  **Plaintiff,**  v.  **CREDIT CONTROL, LLC,**  **Defendant.** | Case No.:  **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FDCPA

**COMES NOW,** plaintiff Julia Medina (hereafter "Ms. Medina" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel and for her Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") against defendant, Credit Control, LLC, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges defendant Credit Control, LLC's collection practices violate the FDCPA.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

3. The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

4. "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

5. "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

6. When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

7. Plaintiff has a right to be free from invasions into Plaintiff's individual privacy, Plaintiff's right to be free from harassing, annoying, oppressive, or abusive conduct, and Plaintiff's right to be free from embarrassment and/or reputational harm. The foregoing cause Plaintiff

embarrassment, concern regarding her person information and privacy, loss of time, and emotional distress, which caused her to retain counsel.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution (Mo. Const. Art. V. § 14).

9. This Court has statutory authority to grant the relief requested herein pursuant to 15 U.S.C. § 1692k.

10. This Court may exercise personal jurisdiction over defendant Credit Control, LLC because it regularly transacts business in Missouri, and the conduct complained of herein, in part, occurred in Missouri.

11. Venue is proper in this District because part of the acts and transactions that caused injury occurred within this County, defendant Credit Control, LLC is located within this County, and transacts substantial business within this County.

## PARTIES

12. Plaintiff Julia Medina is a natural person, over the age of eighteen, residing in Manassas, State of Virginia at all times relevant hereto.

13. Ms. Medina is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant Credit Control, LLC (hereinafter "Credit Control") is a corporation organized under the laws of the State of MO with a principal place of business located 3300 Rider Trail S., Suite 500, Earth City, MO 63045.

15. Credit Control has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. Credit Control regularly collects or attempts to collect debts asserted to be owed to others.

17. Credit Control is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Credit Control's businesses is the collection of such debts.

19. Credit Control uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Credit Control is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

21. Credit Control alleges Plaintiff owes a debt to LVNV Funding, LLC (the "alleged Debt").

22. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23. The alleged Debt does not arise from any business enterprise of Plaintiff.

24. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. At an exact time known only to Credit Control, the alleged Debt was assigned or otherwise transferred to Credit Control for collection.

26. At the time the alleged Debt was assigned or otherwise transferred to Credit Control for collection, the alleged Debt was in default.

27. In its efforts to collect the alleged Debt, Credit Control decided to contact Plaintiff by written correspondence.

28. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Credit Control decided to utilize a third-party vendor to perform such activities on its behalf.

29. As part of its utilization of the third-party vendor, Credit Control conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

30. The information conveyed by Credit Control to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, the fact that that alleged Debt related to medical services, among other things.

31. In fact, Credit Control conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

32. Credit Control's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Credit Control's direction.

34. An initial communication from Credit Control, dated May 5, 2022, was received and read by Plaintiff (the "Letter").

35. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. The FDCPA prohibits the sharing of information regarding a consumer *"without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…"* See 15 U.S.C. § 1692c(b).

37. In the relevant part, Section 1692c(b) states, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* See 15 U.S.C. § 1692c(b).

38. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

39. Plaintiff did not provide prior consent to the sharing of her information with third parties.

40. Plaintiff did not provide prior consent to the sharing of her information with the third party letter vendor Credit Control chose to convey information to regarding the alleged Debt as part of its collection efforts.

41. Credit Control's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time.

42. The Letter states, in the relevant part, "Calls are recorded and may be monitored for quality control purposes" (the "Recording Disclosure").

43. Credit Control's Letter provides a further disclosure that "This communication from a collector is for the purpose of collecting a debt. Any information obtained will be used for that purpose" (the "Mini Miranda Disclosure"). *Id*.

44. Credit Control's Recording Disclosure contradicts with the Mini Miranda Disclosure, rendering one of the statements false and misleading to the least sophisticated

consumer regarding whether certain information will be used for collection purposes, as well as the legal implications of calling a debt collector and discussing a given debt versus merely for quality assurance purposes.

45. The use of the misleading Recording Disclosure in conjunction with the Mini Miranda Disclosure constitutes an unfair and deceptive business practice by Credit Control, in violation of the FDCPA.

46. Credit Control intentionally provides false, misleading, and/or deceptive statements.

47. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

48. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

49. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Credit Control.

50. As set forth herein, Credit Control deprived Plaintiff of these rights.

51. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of her rights was directed by Credit Control to Plaintiff specifically.

52. Plaintiff's injury is directly traceable to Credit Control's conduct because Credit Control initiated the communications, and but for Credit Control's conduct, Plaintiff would not have been deprived of her rights.

53. Credit Control's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Credit Control's conduct.

54. Plaintiff justifiably fears that, absent this Court's intervention, Credit Control will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

55. Plaintiff justifiably fears that, absent this Court's intervention, Credit Control will ultimately cause Plaintiff unwarranted economic harm.

56. Plaintiff justifiably fears that, absent this Court's intervention, Credit Control will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

57. Plaintiff justifiably fears that, absent this Court's intervention, Credit Control will ultimately cause Plaintiff to be sued for a debt Plaintiff does not owe.

58. As a result of Credit Control's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

59. As a result of Credit Control's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

60. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

61. A favorable decision herein would redress Plaintiff's injury with money damages.

62. A favorable decision herein would serve to deter Credit Control from further similar conduct.

63. The foregoing conduct of Credit Control violates the FDCPA entitling Plaintiff to damages, along with reasonable attorneys' fees.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

66. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

67. Plaintiff never consented to Credit Control's communication with the third-party vendor concerning the alleged Debt.

68. Plaintiff never consented to Credit Control's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

69. Plaintiff never consented to Credit Control's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

70. Upon information and belief, Credit Control has utilized a third-party vendor for these purposes thousands of times.

71. Credit Control utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

72. Credit Control utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

73. Credit Control utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Credit Control's unauthorized disclosure of such private and sensitive information.

74. Credit Control utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

75. Credit Control utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

76. Credit Control violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

77. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

78. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

79. Credit Control disclosed Plaintiff's private and sensitive information to the third-party vendor.

80. Credit Control violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

81. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers.  15 U.S.C. § 1692(a)-(b).

82. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties.  *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

83. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

84. A violation of Section 1692c(b) is an invasion of privacy.

85. As described herein, Credit Control violated Section 1692c(b).

86. As described herein, Credit Control invaded Plaintiff's privacy.

87. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

88. A violation of Section 1692c(b) is a public disclosure of private facts.

89. As described herein, Credit Control violated Section 1692c(b).

90. As described herein, Credit Control publicly disclosed Plaintiff's private facts.

91. For the foregoing reasons, Credit Control violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

94. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

95. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

96. The contradiction between the Recording Disclosure and the Mini Miranda Disclosure renders one of the disclosures false and is intended to mislead the least sophisticated consumer regarding what information would be obtained from a consumer, and what such information would be used for.

97. The contradiction between the Recording Disclosure and the Mini Miranda Disclosure is false, misleading, and deceptive, and is intended to mislead the least sophisticated consumer regarding what information would be obtained from a consumer, and what such information would be used for.

98. The contradiction between the Recording Disclosure and the Mini Miranda Disclosure is a false representation or deceptive means in attempt to collect the alleged debt and is intended to mislead the least sophisticated consumer regarding what information would be obtained from a consumer, and what such information would be used for.

99. Credit Control used unfair or unconscionable means when it provided contradictory disclosures in an attempt to collect the alleged debt, which was intended to mislead the least sophisticated consumer regarding what information would be obtained from a consumer, and what such information would be used for.

100. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, and therefore is liable to Plaintiff.

## CLASS ALLEGATIONS

101. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Missouri.

102. Plaintiff seeks to certify a class of:

> All consumers where Credit Control sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

103. This class action seeks a finding that Credit Control's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

104. The Class consists of more than thirty-five persons.

105. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

106. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Credit Control has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

107. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Credit Control's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## **PRAYER FOR RELIEF AGAINST CREDIT CONTROL**

**WHEREFORE**, Plaintiff, Julia Medina demands judgment against Credit Control, LLC, as follows:

(a) Certifying this action as a class action; and

(b) Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

(c) Awarding Plaintiff and the statutory damages provided by § 1692k(a) of the FDCPA against Credit Control; and

(d) Awarding Plaintiff actual damages; and

(c) Awarding Plaintiff reasonable attorneys' fees and costs for Plaintiff as provided by § 1692k(a) of the FDCPA against Credit Control; and

(d) Awarding Plaintiff further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts so triable.

DATED: September 14, 2022

**HALVORSEN KLOTE**

By:   /s/ Gregory M. Klote

Gregory Klote #66888
680 Craig Road, Suite 104
St. Louis, Missouri 63141
P: (314) 451-1314
F: (314) 787-4323
E: greg@hklawstl.com
*Attorney for Plaintiff*